*590 The opinion of the court was delivered by
Bermudez, C. J.
This is an application for mandamus to compel the respondent judges to take jurisdiction of, and determine on its merits, a case which they have declined thus to decide, on the ■ground that they have no jurisdiction over it, ralione, materia?.
The suit which the relators have brought, and which the District ■Court dismissed, has for its object to annul a tax sale of a certain plantation under which the defendants hold, in order to subject the property to the payment of a large sum due relators, said to be secured by vendor’s privilege and special mortgage thereon.
The tax sale was for $180; the amount of the claim said to be thus guaranteed, and the value of the property, are far in excess, separately, of $10,000.
The purpose of the suit is clearly to have the court to declare that the property, which exceeds $10,000 in value, still belongs to the succession of one Hayes, because the tax sale thereof to the defendants in the suit is a nullity, for the many reasons alleged.
The consequence of a judgment in that case would be to recognize title to the property, either in the succession or in the defendants.
The price, $180, for which the property was sold at the tax sale, is no more a factor in the question of jurisdiction than the absence of any consideration would be if the property had been the object of a gratuitous donation. It would be an easy way of securing property from just creditors.
The matter in dispute is the title of the property, which is worth more than $10,000, and the claims to which it is expected to subject it, amount to more than that sum.
It is clear that the judges of the 'Court of Appeals have ruled correctly in holding that they have no jurisdiction over the controversy, xatione materise.
It is therefore ordered and decreed that the application for a mandamus be refused at the cost of relators.
Mr. Justice Breaux recuses himself, having been of counsel.